IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SELECT RETRIEVAL, LLC,

    Plaintiffs,

v.

DISCOUNT OFFICE ITEMS, INC.;
EVERYTHING2GO.COM, LLC; JOCKEY
INTERNATIONAL, INC.; MASON
COMPANIES, INC.; THE GUILD, INC.;
NATIONAL BUSINESS FURNITURE, LLC;
BELLACOR.COM, INC.; BLUESTEM
BRANDS, INC.; CHRISTOPHER & BANKS,
INC.; IDW, LLC; ROCKLER RETAIL
GROUP, INC.; ROCKLER COMPANIES,
INC.; GANDER DIRECT MARKETING
SERVICES, LLC; GANDER MOUNTAIN
COMPANY,

    Defendants.

Case No. 11-CV-637-slc

---

### BLUESTEM BRANDS, INC.'S ANSWER
### TO SELECT RETRIEVAL, LLC'S FIRST AMENDED COMPLAINT

---

For its Answer to the First Amended Complaint [ECF No. 7] of Select Retrieval, LLC, ("Select Retrieval" or "Plaintiff"), Defendant Bluestem Brands, Inc., ("Bluestem"), states and alleges by reference to the paragraph numbers of Plaintiff's First Amended Complaint as follows:

### NATURE OF THIS ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*

**ANSWER:** Bluestem admits that Plaintiff's First Amended Complaint purports to allege a claim for patent infringement under 35 U.S.C. §§ 1 *et seq.*, but denies any infringement or liability.

## THE PARTIES

2.      Plaintiff Select Retrieval is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 2 of Plaintiff's First Amended Complaint and therefore denies them.

3.      Defendant Discount Office Items, Inc. is a corporation organized under the laws of Wisconsin with its principal place of business at 302 Industrial Drive, Columbus, Wisconsin 53925-1018, and a registered agent for service of process at Timothy J. Horton, 302 Industrial Drive, Columbus, Wisconsin 53925-1018.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 3 of Plaintiff's First Amended Complaint and therefore denies them.

4.      Defendant Everything2go.com, LLC is a limited liability company organized under the laws of Wisconsin with its principal place of business at 250 E. Wisconsin Avenue, Suite 925, Milwaukee, Wisconsin 53202-4205, and a registered agent for service of process at John McCormick, 250 E. Wisconsin Avenue, Suite 925, Milwaukee, Wisconsin 53202-4205.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4 of Plaintiff's First Amended Complaint and therefore denies them.

5. Defendant Jockey International, Inc. is a corporation organized under the laws of Wisconsin with its principal place of business at 2300 60th Street, Kenosha, Wisconsin 53140, and a registered agent for service of process at Lexis Document Services, Inc., 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717-2915.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 5 of Plaintiff's First Amended Complaint and therefore denies them.

6. Defendant Mason Companies, Inc. is a corporation organized under the laws of Wisconsin with its principal place of business at 1251 1st Avenue, Chippewa Falls, Wisconsin 54729-1691, and a registered agent for service of process at Daniel J. Hunt, 1251 1st Avenue, Chippewa Falls, Wisconsin 54729-1691.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 6 of Plaintiff's First Amended Complaint and therefore denies them.

7. Defendant The Guild, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 931 E. Main Street, Suite 9, Madison, Wisconsin 53703-2956, and a registered agent for service of process at Toni Sikes, 931 E. Main Street, Suite 9, Madison, Wisconsin 53703-2956.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 7 of Plaintiff's First Amended Complaint and therefore denies them.

8. Defendant National Business Furniture, LLC is a limited liability company

organized under the laws of Delaware with its principal place of business at 735 N. Water Street, Suite 400, Milwaukee, WI 53202, and a registered agent for service of process at Lawdock Inc., 411 East Wisconsin Avenue, Suite 2040, Milwaukee, Wisconsin 53202-4426.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Plaintiff's First Amended Complaint and therefore denies them.

9. Defendant Bellacor.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2425 Enterprise Drive, Suite 900, St. Paul, Minnesota 55120-1172, and a registered agent for service of process at James Lawrence, 2425 Enterprise Drive, Suite 900, St. Paul, Minnesota 55120-1172.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 9 of Plaintiff's First Amended Complaint and therefore denies them.

10. Defendant Bluestem Brands, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and a registered agent for service of process at CT Corporation System, 100 South 5th Street, Suite 1075, Minneapolis, Minnesota 55402-1265.

**ANSWER:** Bluestem admits the allegations in Paragraph 10.

11. Defendant Christopher & Banks, Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 2400 Xenium Lane North, Plymouth, Minnesota 55441, and a registered agent for service of process at National Registered Agents, Inc., 901 South Whitney Way, Madison, Wisconsin 53711-2553.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 11 of Plaintiff's First Amended Complaint and therefore denies them.

12. Defendant IDW, LLC is a limited liability company organized under the laws of Minnesota with its principal place of business at 18640 Lake Drive East, Chanhassen, Minnesota 55317-9383 and a registered agent for service of process at Christopher Penn, 18640 Lake Drive East, Chanhassen, Minnesota 55317-9383.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies them.

13. Defendant Rockler Retail Group, Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 4365 Willow Drive, Medina, Minnesota 55340 and a registered agent for service of process at National Registered Agents, Inc., 901 South Whitney Way, Madison, Wisconsin 53711-2553.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 13 of Plaintiff's First Amended Complaint and therefore denies them.

14. Defendant Rockler Companies, Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 4365 Willow Drive, Medina, Minnesota 55340, and it may be served with process at the same address.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 14 of Plaintiff's First Amended Complaint and therefore denies them.

15. Defendant Gander Direct Marketing Services, LLC is a limited liability Company organized under the laws of Minnesota with its principal place of business at 180 East Fifth Street, Suite 1300, St. Paul, Minnesota 55101-1664, and it may be served with process at that same address.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of Plaintiff's First Amended Complaint and therefore denies them.

16. Defendant Gander Mountain Company is a corporation organized under the laws of Minnesota with its principal place of business at 180 East 5th Street, Suite 1300, St. Paul, Minnesota 55101-1664, and it may be served with process at that same address.

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies them.

## JURISDICTION AND VENUE

17. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (b) and 1400(b).

**ANSWER:** Bluestem admits Plaintiff's First Amended Complaint purports to allege a claim for patent infringement, but denies any infringement or liability. Bluestem admits that the Court has subject matter jurisdiction, for purposes of this action only. Bluestem denies the remaining allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18. This Court has personal jurisdiction over Defendants at least because they conduct business in this Judicial District and have committed acts of direct patent infringement under 35 U.S.C. § 271(a) in this Judicial District including, *inter alia*, importing, making, using, offering for sale and/or selling infringing products in this Judicial District.

**ANSWER:** Bluestem admits that the Court has personal jurisdiction over Bluestem, for purposes of this action only, but denies any infringement or liability. Bluestem denies the remaining allegations in Paragraph 18 of Plaintiff's First Amended Complaint, as they relate to Bluestem. Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 of Plaintiff's First Amended Complaint as those allegations relate to other Defendants, and therefore denies them.

## COUNT 1 - INFRINGEMENT OF U.S. PATENT 6,128,617

19. Select Retrieval repeats and re-alleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

**ANSWER:** Bluestem restates its answers to Paragraphs 1–18 above as if fully set forth herein.

20. On October 3, 2000, United States Patent No. 6,128,617 (hereinafter referred to as the "'617 Patent"), entitled DATA DISPLAY SOFTWARE WITH ACTIONS AND LINKS INTEGRATED WITH INFORMATION, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '617 Patent is attached as Exhibit A to this Complaint.

**ANSWER:** Bluestem admits that Exhibit A purports to be a copy of the '617 patent. Bluestem admits that Exhibit A is entitled "Data Display Software with Actions and Links Integrated with Information," and states that the '617 patent was issued on October 3, 2000.

Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20 of Plaintiff's First Amended Complaint and therefore denies them.

21.     Select Retrieval is the assignee and owner of the right, title, and interest in and to the '617 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**ANSWER:**     Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies them.

22.     Without license or authorization, Defendant Discount Office Items, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.discountofficeitems.com, that embody the inventions claimed in the '617 Patent.  Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:**     Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies them.

23.     Without license or authorization, Defendant Everything2go.com, LLC is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.officefurniture2go.com, www.homefurniture2go.com, www.schoolfurniture2go.com, www.desks2go.com, www.officechairs2go.com, www.tvstands2go.com, www.stools2go.com, www.mayline2go.com, www.bestar2go.com, and www.bushfurniture2go.com, that embody the

inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies them.

24. Without license or authorization, Defendant Jockey International, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.jockey.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies them.

25. Without license or authorization, Defendant Mason Companies, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.shoemall.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 25 of Plaintiff's First Amended Complaint and therefore denies them.

26. Without license or authorization, Defendant The Guild, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning,

operating and/or maintaining one or more websites, including but not limited to, www.artfullhome.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies them.

27. Without license or authorization, Defendant National Business Furniture, LLC is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.nationalbusinessfurniture.com, www.officefurniture.com, www.officechairs.com, www.dallasmidwest.com, and www.alfaxfurniture.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies them.

28. Without license or authorization, Defendant Bellacor.com, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.bellacor.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 28 of Plaintiff's First Amended Complaint and therefore denies them.

29. Without license or authorization, Defendant Bluestem Brands, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.fingerhut.com and www.gettington.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem denies the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Without license or authorization, Defendant Christopher & Banks, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.christopherandbanks.com and www.cjbanks.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30 of Plaintiff's First Amended Complaint and therefore denies them.

31. Without license or authorization, Defendant IDW, LLC is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.idwholesaler.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 31 of Plaintiff's First Amended Complaint and therefore denies them.

32. Without license or authorization, Defendants Rockler Retail Group, Inc. and Rockler Companies, Inc. are and have been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.rockler.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 32 of Plaintiff's First Amended Complaint and therefore denies them.

33. Without license or authorization, Defendant Gander Direct Marketing Services, LLC and Gander Mountain Company are and have been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.gandermountain.com, www.overtons.com, and www.consumersmarine.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER:** Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 33 of Plaintiff's First Amended Complaint and therefore denies them.

34. Defendants Jockey International, Inc.; Mason Companies, Inc.; National Business Furniture, LLC; Christopher & Banks, Inc.; Bluestem Brands, Inc.; and Gander Direct Marketing Services, LLC have had knowledge of and/or have been aware of the '617 Patent since at least August 29, 2011, when, in a letter sent via first class mail, Select Retrieval informed those defendants of their infringement of the '617 Patent and requested that those defendants license the '617 patent to mitigate their continued infringement. Defendants Discount Office Items, Inc.;

12

Everything2go.com, LLC; The Guild, Inc.; Bellacor.com, Inc.; IDW, LLC; and Rockler Retail Group, Inc. have had knowledge of and/or been aware of the '617 Patent since at least August 19, 2011, when, in a letter sent via first class mail, Select Retrieval informed those defendants of their infringement of the '617 Patent and requested that they license the '617 Patent in order to mitigate their continued infringement.

**ANSWER:** Bluestem admits that it received a letter dated August 29, 2011 from Plaintiff requesting that Bluestem license the '617 Patent, but denies any infringement or liability. Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 of Plaintiff's First Amended Complaint and therefore denies them.

35. On information and belief, infringement of the '617 Patent by Jockey International, Inc.; Mason Companies, Inc.; National Business Furniture, LLC; Christopher & Banks, Inc.; Bluestem Brands, Inc.; Gander Direct Marketing Services, LLC; Discount Office Items, Inc.; Everything2go.com, LLC; The Guild, Inc.; Bellacor.com, Inc.; IDW, LLC; and Rockler Retail Group, Inc. has been and continues to be willful and deliberate.

**ANSWER:** Bluestem denies the allegations of Paragraph 35 of Plaintiff's First Amended Complaint, as they relate to Bluestem. Bluestem lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 of Plaintiff's First Amended Complaint, as those allegations relate to other defendants, and therefore Bluestem denies them.

36. Select Retrieval has been damaged by Defendants' infringing activities.

**ANSWER:** Bluestem denies the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

## GENERAL DENIAL

37. Bluestem denies each and every allegation, matter, or thing contained in Plaintiff's First Amended Complaint, express or implied, not expressly admitted herein.

## DEFENSES

1. Plaintiff's First Amended Complaint, and each claim against Bluestem contained therein, fails to state a claim upon which relief can be granted.

2. Plaintiff's First Amended Complaint, and each claim against Bluestem contained therein, is barred by the by the doctrines of license, estoppel, laches, and/or waiver.

3. Plaintiff's claim for relief is barred in whole or in part by the doctrines of consent and/or acquiescence.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Bluestem does not infringe and has not infringed, either directly, indirectly, by contribution or inducement, any claim of the '617 patent either literally or under the doctrine of equivalents, willfully or otherwise.

6. Each and every claim of the '617 patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

7. Any recovery of damages by Plaintiff is limited in whole or in part by 35 U.S.C. §§ 286 and 287.

8. Plaintiff's claims against Bluestem are improperly joined under Fed. R. Civ. P. 20 with those against the other Defendants to this action.

9. Bluestem reserves all other affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Act, and any other defenses at law or in equity, that may exist now or in the future based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Bluestem prays for the following relief:

A. That Plaintiff's First Amended Complaint be dismissed with prejudice;

B. That Plaintiff take nothing as the result of any of its claims for relief against Bluestem;

C. That judgment be rendered that Bluestem does not and has not has not infringed, contributed to the infringement of, or actively induced others to infringe, either directly or indirectly, any claim of the '617 patent.

D. That judgment be rendered that each claim of the '617 patent is invalid and/or unenforceable;

E. An order declaring this case exceptional pursuant to 35 U.S.C. § 285 and awarding Bluestem its reasonable attorneys' fees, costs and expenses incurred in connection with defending this action; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Bluestem hereby demands a jury trial on all issues triable by jury.

Dated: January 24, 2012 Respectfully submitted,

By: /s/*Natalie Hanlon-Leh*

Natalie Hanlon-Leh (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500
Fax: (303) 607-3600
natalie.hanlon-leh@faegrebd.com

*Attorneys for Defendant Bluestem Brands, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 24th day of January, 2012.

*s/ Marleen A. Como*
Marleen A. Como

fb.us.7699216.04