UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

SELECT RETRIEVAL, LLC,

    Plaintiff,

v.

DISCOUNT OFFICE ITEMS, INC.;
EVERYTHING2GO.COM, LLC; JOCKEY
INTERNATIONAL, INC.; MASON COMPANIES,
INC.; THE GUILD, INC.; NATIONAL BUSINESS
FURNITURE, LLC; BELLACOR.COM, INC.;
BLUESTEM BRANDS, INC.; CHRISTOPHER &
BANKS, INC.; IDW, LLC; ROCKLER RETAIL
GROUP, INC.; ROCKLER COMPANIES, INC.;
GANDER DIRECT MARKETING SERVICES,
LLC; and GANDER MOUNTAIN COMPANY,

    Defendants.

Civil Action No.: 3:11-cv-00637-SLC

---

### DEFENDANT NATIONAL BUSINESS FURNITURE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, ADDITIONAL DEFENSES AND COUNTERCLAIMS

---

For its answer to Plaintiff's First Amended Complaint National Business Furniture, LLC ("NBF"), by its attorneys, Quarles & Brady, LLP, responds as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*

**ANSWER: NBF denies violating 35 U.S.C. §§ 1,** *et seq.* **but otherwise admits that the action purports to arise under the patent laws of the United States.**

1

## THE PARTIES

2.     Plaintiff Select Retrieval is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 2 of Plaintiff's First Amended Complaint, and therefore denies the same.**

3.     Defendant Discount Office Items, Inc. is a corporation organized under the laws of Wisconsin with its principal place of business at 302 Industrial Drive, Columbus, Wisconsin 53925-1018, and a registered agent for service of process at Timothy J. Horton, 302 Industrial Drive, Columbus, Wisconsin 53925-1018.

**ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 3 of Plaintiff's First Amended Complaint, and therefore denies the same.**

4.     Defendant Everything2go.com, LLC is a limited liability company organized under the laws of Wisconsin with its principal place of business at 250 E. Wisconsin Avenue, Suite 925, Milwaukee, Wisconsin 53202-4205, and a registered agent for service of process at John McCormick, 250 E. Wisconsin Avenue, Suite 925, Milwaukee, Wisconsin 53202-4095.

**ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 4 of Plaintiff's First Amended Complaint, and therefore denies the same.**

5.     Defendant Jockey International, Inc. is a corporation organized under the laws of Wisconsin with its principal place of business at 2300 60th Street, Kenosha, Wisconsin 53140,

and a registered agent for service of process at Lexis Documents Services, Inc. 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717-2915.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 5 of Plaintiff's First Amended Complaint, and therefore denies the same.**

6. Defendant Mason Companies, Inc. is a corporation organized under the laws of Wisconsin with its principal place of business at 1251 1st Avenue, Chippewa Falls, Wisconsin 54729-1691, and a registered agent for service of process at Daniel J. Hunt, 1251 1st Avenue, Chippewa Falls, Wisconsin 54729-1691.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 6 of Plaintiff's First Amended Complaint, and therefore denies the same.**

7. Defendant The Guild, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 931 E. Main Street, Suite 9, Madison, Wisconsin, 53703-2956, and a registered agent for service of process at Toni Sikes, 931 E. Main Street, Suite 9, Madison, Wisconsin 53703-2956.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 7 of Plaintiff's First Amended Complaint, and therefore denies the same.**

8. Defendant National Business Furniture, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 735 N. Water Street, Suite 400, Milwaukee, WI 53202, and a registered agent for service of process at Lawdock Inc., 411 East Wisconsin Avenue, Suite 2040, Milwaukee, Wisconsin 53202-4426.

**ANSWER: Admits.**

9. Defendant Bellacor,com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2455 Enterprise Drive, Suite 900, St. Paul, Minnesota 55120-1172, and a registered agent for service of process at James Lawrence, 2425 Enterprise Drive, Suite 900, St. Paul, Minnesota 55120-1172.

**ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 9 of Plaintiff's First Amended Complaint, and therefore denies the same.**

10. Defendant Bluestem Brands, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and a registered agent for service of process at CT Corporation System, 100 South 5th Street, Suite 1075, Minneapolis, Minnesota 55402-1265.

**ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 10 of Plaintiff's First Amended Complaint, and therefore denies the same.**

11. Defendant Christopher & Banks, Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 2400 Exenium Lane North, Plymouth, Minnesota 55441, and a registered agent for service of process at National Registered Agents, Inc., 901 South Whitney Way, Madison, Wisconsin 53711-2553.

**ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 11 of Plaintiff's First Amended Complaint, and therefore denies the same.**

12. Defendant IDW, LLC is a limited liability company organized under the laws of Minnesota with its principal place of business at 18640 Lake Drive East, Chanhassen, Minnesota 55317-9383, and a registered agent for service of process at Christopher Penn, 18640 Lake Drive East, Chanhassen, Minnesota 55317-9383.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 12 of Plaintiff's First Amended Complaint, and therefore denies the same.**

13. Defendant Rockler Retail Group, Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 4365 Willow Drive, Medina, Minnesota 55340, and a registered agent for service of process at national Registered Agents, Inc., 901 South Whitney Way, Madison, Wisconsin 53711.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 13 of Plaintiff's First Amended Complaint, and therefore denies the same.**

14. Defendant Rockler Companies, Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 4365 Willow Drive, Medina, Minnesota 55340, and it may be served with process at that same address.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 14 of Plaintiff's First Amended Complaint, and therefore denies the same.**

15. Defendant Dander Direct Marketing Services, LLC is a limited liability company organized under the laws of Minnesota with its principal place of business at 180 East 5th Street,

Suite 1300, St. Paul, Minnesota 55101-1664, and it may be served with process at that same address.

**ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 15 of Plaintiff's First Amended Complaint, and therefore denies the same.**

16. Defendant Gander Mountain Company is a corporation organized under the laws of Minnesota with its principal place of business at 180 East 5th Street, Suite 1300, St. Paul, Minnesota 55101-1664, and it may be served with process at that same address.

**ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 16 of Plaintiff's First Amended Complaint, and therefore denies the same.**

## JURISDICTION AND VENUE

17. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:  NBF admits that this court has subject matter jurisdiction and that venue is proper but denies any remaining allegations of paragraph 17.**

18. This Court has personal jurisdiction over Defendants at least because they conduct business in this Judicial District and have committed acts of direct patent infringement under 35 U.S.C. § 271(a) in this Judicial District including, *inter alia*, importing, making, using, offering for sale and/or selling infringing products in this Judicial District.

> **ANSWER: NBF admits that this Court has personal jurisdiction over NBF but denies the remaining allegations of paragraph 18.**

### COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,128,617

19. Select Retrieval repeats and re-alleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

> **ANSWER: NBF incorporates by reference its response to paragraphs 1 through 18 as if fully restated herein.**

20. On October 3, 2000, United States Patent No. 6,128,617 (hereinafter referred to as the "'617 Patent"), entitled DATA DISPLAY SOFTWARE WITH ACTIONS AND LINKS INTEGRATED WITH INFORMATION, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '617 Patent is attached as Exhibit A to this Complaint.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 20 of Plaintiff's First Amended Complaint, and therefore denies the same.**

21. Select Retrieval is the assignee and owner of the right, title, and interest in and to the '617 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 21 of Plaintiff's First Amended Complaint, and therefore denies the same.**

22. Without license or authorization, Defendant Discount Office Items, Inc. is and has been directly infringing the '617 patent in the United States at least by making, using, owning,

operating and/or maintaining one or more websites, including but not limited to, www.discountofficeitems.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271 (a).

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 22 of Plaintiff's First Amended Complaint, and therefore denies the same.**

23. Without license or authorization, Defendant Everything2go.com, LLC is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.officefurniture2go.com, www.homefurniture2go.com, www.schoolfurniture2go.com, www.desks2go.com, wwwofficechairs2go.com, www.tvstands2go.com, www.stools2go.com, www.mayline2go.com, www.bestar2go.com, and www.bushfurniture2go.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 23 of Plaintiff's First Amended Complaint, and therefore denies the same.**

24. Without license or authorization, Defendant Jockey International, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.jockey.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 24 of Plaintiff's First Amended Complaint, and therefore denies the same.**

25.     Without license or authorization, Defendant Mason Companies, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.shoemall.com, that embody the inventions claimed in the '617 Patent.  Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 25 of Plaintiff's First Amended Complaint, and therefore denies the same.**

26.     Without license or authorization, Defendant The Guild, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.artfulhome.com, that embody the inventions claimed in the '617 Patent.  Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER:  NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 26 of Plaintiff's First Amended Complaint, and therefore denies the same.**

27.     Without license or authorization, Defendant National Business Furniture, LLC is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.nationalbusinessfurniture.com, www.officefurniture.com, www.officechairs.com,

www.dallasmidwest.com, and www.alfaxfurniture.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER: NBF denies the allegations of paragraph 27.**

28.     Without license or authorization, Defendant bellacor.com, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.bellacor.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 28 of Plaintiff's First Amended Complaint, and therefore denies the same.**

29.     Without license or authorization, Defendant Bluestem Brands, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.fingerhut.com and www.gettington.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

**ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 29 of Plaintiff's First Amended Complaint, and therefore denies the same.**

30.     Without license or authorization, Defendant Christopher & Banks, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to,

www.christopherandbanks.com and www.cjbanks.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 30 of Plaintiff's First Amended Complaint, and therefore denies the same.**

31. Without license or authorization, Defendant IDW, LLC is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.idwholesaler.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 31 of Plaintiff's First Amended Complaint, and therefore denies the same.**

32. Without license or authorization, Defendant Rockler Retail Group, Inc. is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.rockler.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 32 of Plaintiff's First Amended Complaint, and therefore denies the same.**

33. Without license or authorization, Defendants Gander Direct Marketing Services, LLC and Gander Mountain Company are and have been directly infringing the '617 Patent in the

11

United States at least by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.gandermountain.com, www.overtons.com, and www.consumersmarine.com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

> **ANSWER: NBF lacks sufficient knowledge to form an opinion regarding the truth of paragraph 33 of Plaintiff's First Amended Complaint, and therefore denies the same.**

34. Defendants Jockey International, Inc.; Mason Companies, Inc.; National business Furniture, LLC; Christopher & Banks, Inc.; Bluestem Brands, Inc.; and Gander Direct Marketing Services, LLC have had knowledge of and/or been aware of the '617 Patent since at least August 29, 2011, when, in a letter sent via first class mail, Select Retrieval informed those defendants of their infringement of the '617 Patent and requested that those defendants license the '617 Patent to mitigate their continued infringement. Defendants Discount Office Items, Inc.; Everything2go.com, LLC; The Guild, Inc.; Bellacor.com, Inc.; IDW, LLC; and Rockler Retail Group, Inc. have had knowledge of and/or been aware of the '617 Patent since at least August 19, 2011, when in a letter sent via first class mail, Select Retrieval informed those defendants of their infringement of the '617 Patent and requested that they license the '617 Patent in order to mitigate their continued infringement.

> **ANSWER: NBF denies the allegations of paragraph 34.**

35. On information and belief, infringement of the '617 Patent by Jockey International, Inc.; Mason Companies, Inc.; National Business Furniture, LLC; Christopher & Banks, Inc.; Bluestem Brands, Inc.; Gander Direct Marketing Services, LLC; Discount Office

Items, Inc.; Everything2go.com, LLC; The Guild, Inc.; Bellacor.com, Inc.; IDW, LLC; and Rockler Retail Group, Inc. has been and continues to be willful and deliberate.

**ANSWER:  NBF denies the allegations of paragraph 35.**

36. Select Retrieval has been damaged by Defendants' infringing activities.

**ANSWER:  NBF denies the allegations of paragraph 36.**

## JURY DEMAND

National Business Furniture, LLC demands a trial by jury of all issues triable as such.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State a Claim

The First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense:  Non-Infringement

NBF is not infringing and has not infringed any claim of the '617 Patent.

### Third Affirmative Defense:  Patent Invalidity

The claims of the '617 Patent are invalid for failing to comply with 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116 for one or more of the following reasons:

A. The alleged invention, as claimed, was known or used by others in the United States prior to the invention thereof by the patent applicant;

B. The alleged invention, as claimed, was patented or described in a printed publication in the United States or a foreign country more than one year prior to the date of the earliest application for patent to which priority is claimed in the '617 Patent;

C. The alleged invention, as claimed, was in public use or on sale in the United States more than one year prior to the date of the earliest application for patent to which priority

is claimed in the '617 Patent;

D. The inventor abandoned the invention prior to filing the earliest application for patent to which priority is claimed in the '617 Patent;

E. The alleged invention, as claimed, and for which the '617 Patent was issued, was first patented or caused to be patented, or was the subject of an inventor's certificate, by the named inventor or its legal representatives or assigns in a foreign country more than one year prior to the date of the earliest application to which priority is claimed in the '617 Patent;

F. The alleged invention, as claimed, of the '617 Patent was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the named inventor in the '617 Patent;

G. The inventor did not invent the subject matter claimed in the '617 Patent;

H. Before the applicant's invention thereof, the inventions were made in this country by another who had not abandoned, suppressed, or concealed the inventions;

I. The differences between the subject matter sought to be patented and, as claimed, in the '617 Patent and the prior art would have been obvious at the time the invention was made to a person having ordinary skill in the art to which such subject matter pertains;

J. The specification of the '617 Patent does not contain an enabling description of the alleged invention and of the manner or process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which such subject matter pertains, or with which it is most nearly connected, to make and use the same;

K. The specification of the '617 Patent does not include a written description clearly showing that the inventor had possession of the claimed subject matter as of the filing date of the earliest application for patent to which priority is claimed for the '617 Patent thereby allowing

persons of ordinary skill in the art to recognize that the inventor invented what was claimed upon filing of the application for patent and ultimately claimed in the claims issued in the '617 Patent; and/or

  L. The specification of the '617 Patent does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter that the applicant regarded as the invention.

### Fourth Affirmative Defense - Patent Invalidity

The '617 Patent is limited in scope and is invalid and void because additional prior art exists that anticipates or renders obvious the subject matter of the '617 Patent.

### Fifth Affirmative Defense - Equitable Bars

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppels, acquiescence, and/or other equitable doctrines.

### COUNTERCLAIMS

National Business Furniture, LLC hereby asserts the following Counterclaims against Select Retrieval, LLC:

  1. These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Subject matter jurisdiction is conferred in this Court under 28 U.S.C. § 1338(a). There is a justifiable controversy concerning the validity, enforceability and infringement of the '617 Patent, as set forth in Plaintiff's First Amended Complaint and in the Answer to which these Counterclaims are appended.

  2. National Business Furniture, LLC (hereinafter "NBF") is a limited liability company organized under the laws of Delaware with its principal place of business at 735 N. Water Street, Suite 400, Milwaukee, WI 53202.

3. Select Retrieval is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

4. Select Retrieval purports to the be owner of U.S. Patent No. 6,128,617 (the '617 Patent).

**Count I:  Declaratory Judgment of Non-Infringement of the '617 Patent**

5. NBF incorporates by reference paragraphs 1 through 4 of its Counterclaims above as though fully set forth herein.

6. NBF has not infringed and is not now directly or indirectly infringing, contributorily infringing, or inducing infringement of any valid and enforceable claim of the '617 Patent and is not liable for infringement thereof.

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., NBF requests a declaration from the Court that NBF does not and has not infringed any valid and enforceable claim of the '617 Patent.

**Count II:  Declaratory Judgment that the '617 Patent is Invalid**

8. NBF incorporates by reference paragraphs 1 through 7 of its Counterclaims above as though fully set forth herein.

9. The '617 Patent is invalid and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115 and 116 for one or more of the reasons set forth in the Affirmative Defenses of the Answer to which these Counterclaims are appended.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., NBF requests a declaration from the Court that each of the claims of the '617 Patent are invalid for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116.

**Reservation of Rights**

NBF reserves the right to add any additional defenses or counterclaims that discovery may reveal.

WHEREFORE, National Business Furniture, LLC respectfully requests that this Court:

a.　Deny the relief sought by Select Retrieval and dismiss Select Retrieval's First Amended Complaint with prejudice;

b.　Enter judgment that the '617 Patent is invalid;

c.　Enter judgment that National Business Furniture, LLC does not infringe the '617 Patent;

b.　Award National Business Furniture, LLC its costs and fees under 35 U.S.C. §285 incurred in defending this action; and

c.　Grant such other relief as the Court may deem just and proper.

Dated this 30th day of January, 2012.

　　　　　　　　　　　　　　　　　　　　s/Johanna M. Wilbert_____
　　　　　　　　　　　　　　　　　　　　David R. Cross, SBN:  1002866
　　　　　　　　　　　　　　　　　　　　Johanna M. Wilbert, SBN:  1060853
　　　　　　　　　　　　　　　　　　　　QUARLES & BRADY LLP
　　　　　　　　　　　　　　　　　　　　411 E. Wisconsin Ave., Suite 2040
　　　　　　　　　　　　　　　　　　　　Milwaukee, WI  53202
　　　　　　　　　　　　　　　　　　　　(414) 277-5000
　　　　　　　　　　　　　　　　　　　　(414) 271-3552 (fax)
　　　　　　　　　　　　　　　　　　　　*Attorneys for National Business Furniture, LLC*